# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWO-WAY MEDIA LTD, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CABLE COMMUNICATIONS, LLC, COMCAST INTERACTIVE MEDIA, LLC, NBCUNIVERSAL MEDIA, LLC, and NBCUNIVERSAL, LLC, <br><br> Defendants. | C.A. No. 14-1006-RGA-MPT |

## **REPORT AND RECOMMENDATION**

### I. INTRODUCTION

On August 1, 2014, Two-Way Media Ltd. ("plaintiff") filed this action against the two groups of defendants, namely: Comcast Cable Communications, LLC and Comcast Interactive Media, LLC (collectively, "Comcast" or "defendants"); and NBCUniversal Media, LLC and NBCUniversal, LLC (collectively, "NBCU" or "defendants"), alleging both groups infringed U.S. Patents Nos. 6,434,622 (the "'622 patent") and 8,539,237 (the "'237 patent"), and that Comcast had additionally infringed U.S. Patent No. 7,266,686 (the "'686 patent"; collectively with the '622 patent and '237 patent, the "patents-in-suit"). Plaintiff sought a permanent injunction of all allegedly infringing activities by Comcast and NBCU, damages, and costs. Comcast and NBCU moved to dismiss claims of joint and wilful infringement from plaintiff's complaint on September 22, 2014. In response, plaintiff amended its complaint to remove the claim of wilful infringement and to supplement the claim of joint infringement with additional

factual allegations.[1]

Pending before the court is Comcast and NBCU's motion to dismiss plaintiff's amended complaint for failure to state a claim for joint infringement under FED. R. CIV. P. 12(b)(6).[2] This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under 35 U.S.C. § 101 *et seq.*[3] and personal jurisdiction over Comcast and NBCU because they availed themselves of Delaware corporate law.[4] Venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).[5] This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1.[6] For the reasons stated below, it is recommended that defendants' motion be granted.

## II. BACKGROUND

### A. Parties

Plaintiff is a limited partnership existing under the laws of Colorado with its principal place of business in Colorado and its general partner existing under the laws

---

[1] *Compare* D.I. 1, *with* D.I. 16.
[2] *See* D.I. 19 at 1.
[3] *See* 28 U.S.C. § 1331 (federal question jurisdiction); § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . .").
[4] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (finding personal jurisdiction where the defendant "availed himself of the benefits and protections" of the forum's laws).
[5] 28 U.S.C. § 1391(c) ("[A]n entity . . . , whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action . . . ."); § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").
[6] 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1); D. DEL. LR 72.1.

of Delaware.[7] Comcast is a limited liability company existing under the laws of Delaware with its principal place of business in Pennsylvania. NBCU is a Delaware limited liability company wholly owned by Comcast and forms one of its operating units.[8]

## B. Patents-in-Suit

Plaintiff asserts it holds all rights to the patents-in-suit by assignment from Netcast Communications Corp. in 2002. The three asserted patents arose from a series of applications claiming priority to May 9, 1996.[9] The '622 patent was issued on August 13, 2002 and claims an invention called "Multicasting Method and Apparatus." Reexamination certificates for the '622 patent were issued on September 12, 2006 and December 2, 2008. On September 4, 2007, the '686 patent was issued for an invention, also called "Multicasting Method and Apparatus." The '237 patent claims an invention called "Methods and Systems for Playing Media."[10]

Plaintiff represents the shared specification of the patents-in-suit describes a system for transmitting, receiving, and monitoring audio and video over the Internet. The patents purportedly relate to an interactive distributed client-server system that allows live audio and video streams to be sent to multiple users and enables commercial record keeping and marketing functions.[11]

According to plaintiff, its system works as follows. A central facility in its system receives and, if necessary, digitizes incoming audio and video signals and forwards

---

[7] D.I. 16 at 1.
[8] Id. at 3-4.
[9] Id. at 4.
[10] Id. at 3.
[11] Id. at 5-6.

3

them to various servers. In turn, the servers transmit the signals to users via the Internet or similar communications networks. The transmissions are monitored to ensure the reliability and accuracy of gathered usage statistics. The servers may play a role in ensuring that each user receives the particular stream of his choosing and that he receives the requested content at substantially the same time that the signals are transmitted from the central facility. Servers may also participate in gathering usage statistics, dynamically inserting advertising content into streams, and offering targeted product sales, such as buying music or concert tickets that relate to a song that is being streamed. Depending on demographics and geography, the signals in plaintiff's system pass through one or more intermediary servers before reaching users.[12]

## C.     Plaintiff's Allegations

Plaintiff avers Comcast and NBCU make, use, sell, market, provide, and support products and services for live streaming media that infringe the '622 and '237 patents. In addition, Comcast allegedly makes, sells, markets, provides, and supports products and services for live streaming media that infringe the '686 patent. The infringing activities concern television subscription services offered by Comcast and NBCU, dubbed TV Everywhere ("TV Everywhere").[13] These services allow subscribers to stream live TV content to digital platforms like computers, tablets, smartphones, and other devices via the Internet. Servers used by Comcast and NBCU for streaming allegedly generate detailed recordings and usage statistics about the TV Everywhere

---

[12] *Id.* at 5-7.
[13] *Id.* at 7.

4

services.[14]

Plaintiff contends Comcast and NBCU also contract and have relationships exceeding mere arms-length cooperation with third parties, including Adobe Systems Inc., Conviva, Inc., and comScore, Inc., to "gather usage statistics" on their TV Everywhere services.[15] Comcast and NBCU transmit to these third parties messages generated by software running on the user devices and "direct or control" the third parties by requesting particular types of data on the delivery of the streaming content, such as commencement, duration, and termination of the stream.[16] Comcast and NBCU also direct or control the gathering of such statistics by offering their subscribers apps generating information that is ultimately transmitted to and used by the third parties to gather and process the statistical data.[17] Based on these contentions, plaintiff argues Comcast and NBCU in combination with one or more of the named third parties perform each step of one or more claims of the patents-in-suit. As a direct and proximate result of Comcast and NBCU's infringing activities, plaintiff has allegedly suffered irreparable harm.

## III. STANDARD OF REVIEW

### A. FED. R. CIV. P. 12(b)(6)

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or

---

[14] *Id.* at 7-8.
[15] *Id.* at 8.
[16] *Id.*
[17] *Id.*

5

decide the merits of the case.[18] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[19] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[20] While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[21]

To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[22] Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions.[23] Although heightened fact pleading is not required, "enough facts to state

---

[18] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[19] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").
[20] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *Burlington*, 114 F.3d at 1420).
[21] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citations omitted) (rejecting "unsupported conclusions and unwarranted inferences"); *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").
[22] *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).
[23] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

a claim to relief that is plausible on its face" must be alleged.[24]

A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[25] The plausibility standard does not rise to a "probability requirement" but requires "more than a sheer possibility that a defendant has acted unlawfully."[26] Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[27] Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record when reviewing a motion to dismiss.[28]

### B. Joint Infringement of Method Patents

"A method patent claims a number of steps; . . . the patent is not infringed unless all the steps are carried out."[29] "This principle follows ineluctably from what a patent is: the conferral of rights in a particular claimed set of elements."[30] Under *Muniauction, Inc. v. Thomson Corp.*, the steps of a method patent have not all been carried out as claimed by the patent unless they are all attributable to the same defendant, either

---

[24] *Id.* at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
[26] *Id.*
[27] *Twombly*, 550 U.S. at 563 (citations omitted).
[28] *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).
[29] *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111, 2117 (2014).
[30] *Id.*

because the defendant actually performed those steps or because he directed or controlled others who performed them.[31] This is still the law: in 2014, the United States Supreme Court "[a]ssumed without deciding that the Federal Circuit's holding in *Muniauction* is correct . . . ."[32] Thus, to survive a motion to dismiss the claim of joint infringement, a plaintiff must plead facts sufficient to allow a reasonable inference that various parties perform all of the claimed steps; and one party exercises the requisite "direction or control," such that performance of every step is attributable to the controlling party.[33]

## IV. ANALYSIS

### A. Performance of Steps Claimed in the Patents-in-Suit

"Each element contained in a patent claim [of a method patent] is deemed material to defining the scope of the patented invention, . . . and a patentee's rights extend only to the claimed combination of elements, and no further."[34] The party exercising direction and control cannot escape liability simply by contracting performance of certain steps of the patented process to third parties.[35]

"[W]hen a district court considers the plausibility of the facts alleged in a

---

[31] *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).
[32] *Akamai*, 134 S. Ct. at 2117.
[33] *Pragmatus AV, LLC v. Yahoo! Inc.*, No. CIV. A. 11-902-LPS, 2012 WL 6044793, at *4 (D. Del. Nov. 13, 2012), *report and recommendation adopted sub nom. Pragmatus AV, LLC v. Yahoo! Inc.*, No. CA 11-902-LPS-CJB, 2013 WL 2295344 (D. Del. May 24, 2013).
[34] *Akamai*, 134 S. Ct. at 2117.
[35] *See, e.g., Mortgage Grader, Inc. v. Costco Wholesale Corp.*, No. SACV 13-00043 AG (ANx), 2015 WL 778125, at *15 (C.D. Cal. Jan. 12, 2015) (where all claimed steps are carried out by multiple actors, "'a single actor can be held responsible for the performance of all steps of the patent' . . . [as if it was] a single direct infringer") (quoting *Akamai*, 134 S. Ct. at 2119).

8

complaint, it should not base[ ] its assessment of the reasonableness of a given inference of infringement on a narrow construction of the patent's claims."[36] Engaging in "'claim construction at the pleading stage—with no claim construction processes undertaken' . . . [is] 'inappropriate'" because claims are afforded "their broadest possible construction at this stage of the proceedings."[37]

Here, plaintiff alleges Comcast and NBCU "in combination with one or more of [the] third parties perform each and every step of one or more claims" of the patents-in-suit.[38] Some steps, including use of servers for live streaming media through one or more of the identified channels, as well as monitoring, and marketing, are carried out by Comcast and NBCU.[39] Monitoring is facilitated in part by the apps that defendants offer to their users.[40] The remaining steps, aiming to "generate detailed records and usage statistics about TV Everywhere services," are contracted out to the third parties.[41] These allegations are sufficient at the pleading stage to support the inference that various parties carry out all steps claimed in the patents-in-suit.

Defendants object to plaintiff's use of the phrase "gathering usage statistics and recordkeeping" as insufficiently precise and insist this phrase does not relate to the claims of the '622 or '686 patents. However, viewed in connection with the specification of the '622 patent, this phrase may be understood to reference claim 3, which requires

---

[36] *Pragmatus*, 2012 WL 6044793, at *6 (internal quotation marks omitted).
[37] *Id.* (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012)).
[38] D.I. 16 at 9.
[39] *Id.* at 8-9 (channels used by NBCU include but are not limited to CNBC, MSNBC, Oxygen, Syfy, and Deportes Telemundo en Vivo).
[40] *Id.* at 8.
[41] *Id.* at 8-9.

9

"updating a database with information provided by the delivery-commencement and the delivery-termination indications."[42] If defendants believe this phrase is ambiguous, they should raise this issue during claim construction. Accordingly, plaintiff sufficiently pleaded defendants jointly with the third parties undertook all steps of the patents-in-suit.

## B. Defendants' Direction and Control over the Third Parties

"Joint infringement will only lie . . . if one party exercises control or direction over the entire process such that every step is attributable to the controlling party, *i.e.*, the 'mastermind.'"[43] "This 'control or direction' standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method."[44]

The existence of a contractual relationship may indicate one party's control and direction.[45] However, the necessary level of control:

---

[42] *Id.*, Ex. 1 at 3:53-54; *id.* at 18:54-56.
[43] *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 685-86 (D. Del. 2012) (internal quotation marks omitted).
[44] *Id.*
[45] The reasoning of the District Court for the Southern District of Florida is instructive:
> the [Federal Circuit] indicates that the third party must perform the steps of the patented process by virtue of a contractual obligation or other relationship that gives rise to vicarious liability in order for a court to find "direction or control." Without this kind of relationship, [this court] does not believe that a finding of "joint infringement" is warranted . . . .

*Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008), *aff'd*, 318 F. App'x 908 (Fed. Cir. 2009). Similarly, the District Court for the Southern District of Texas explained:
> [a] party who contracts to act on behalf of another and [is] subject to the other's control except with respect to his physical conduct is an agent and

requires more than a general right to order work stopped or resumed, to inspect its process or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. . . . There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.[46]

Here, plaintiff sets forth an unsupported proposition that Comcast and NBCU control or direct the third parties, despite conceding the issue of control and direction turns on whether the third parties had discretion to perform the claim limitations.[47] In the absence of sufficient facts, plaintiff argues the court should infer Comcast and NBCU obligated the third parties to perform every step enumerated in the patents-in-suit "based on their contracts and relationships with such third parties."[48]

This court is required to take plaintiff's factual allegations as true, but plaintiff cannot plausibly allege the third parties were contractually obligated to perform all of the steps enumerated in plaintiff's patents because the terms of the contracts between defendants and the third parties are unknown to plaintiff. The allegation that defendants "specify[ ] the particular information in which they are interested" does not support the inference of defendants' direction and control because providing specific statistics of interest does not require that the third parties perform the enumerated steps

---

also an independent contractor. But a contracting party is not vicariously liable for the actions of an independent contractor unless that party controls the details of the independent contractor's work to such an extent that the contractor cannot perform the work as he chooses.

*Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 837 (S.D. Tex. 2008) (citing RESTATEMENT (SECOND) AGENCY § 14N (1958)).

[46] *Emtel*, 583 F. Supp. 2d at 837 (quoting *Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 155 (Tex. 1999)).
[47] D.I. 21 at 5.
[48] D.I. 16 at 8.

11

of the patents-in-suit. At best, the court may infer defendants had a general right to order certain statistical information and to inspect the reports from the third parties.

Plaintiff's contention that defendants transmited to the third parties data generated by defendants' servers indicates that defendants control the source of the data delivered to the third parties but says nothing about how the third parties process it. Even if FED. R. CIV. P. 12(b)(6) allowed this court to look outside the record at the extrinsic materials submitted by plaintiff in its response to the motion to dismiss, it would find the third parties were independent businesses providing statistical services to multiple clients using what appears to be proprietary metrics. Thus, it is merely possible—rather than plausible—that defendants control and direct the third parties.

Plaintiff argues the court should infer Comcast and NBCU's direction and control over the third parties precisely because the terms of these contracts are unknown to plaintiff. From its perspective, it is enough that "[d]efendants are attempting to dismiss the claims without denying or addressing the substance of the contractual relationship [between themselves and the third parties]."[49] At the motion to dismiss stage, however, courts evaluate the sufficiency of plaintiffs' allegations rather than defendants' responses. If allegations do not meet the *Twombly* and *Iqbal* standard, the claims must be dismissed. Accordingly, because plaintiff failed to allege adequate facts to support the inference that defendants controlled and directed the third parties, its claims of joint infringement are dismissed.

V. **RECOMMENDED DISPOSITION**

---

[49] D.I. 21 at 6.

Consistent with the findings herein, it is recommended that:

defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim for joint infringement under FED. R. CIV. P. 12(b)(6) (D.I. 19) be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response is limited to ten (10) pages.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.


Dated: May 13, 2015                /s/        Mary Pat Thynge
                                           Chief Magistrate Judge, U.S. District Court