IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TWO-WAY MEDIA LTD., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-1006-RGA |
| COMCAST CABLE COMMUNICATIONS LLC, et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Defendants filed a motion to dismiss (D.I. 19) on the grounds that the amended complaint does not state a claim for joint infringement. The motion was briefed. (D.I. 20, 21, 22). The motion was referred to the Magistrate Judge, who issued a Report and Recommendation. (D.I. 27). The Report and Recommendation recommended granting the motion.

Plaintiff filed objections, to which Defendants have responded. (D.I. 28, 30).

I review the objections *de novo*.

The five asserted patents are method patents. (D.I. 26 at 3-4). Infringement of a method patent normally requires that the infringer perform all of the steps of the method itself. Joint infringement provides an exception to the general rule. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 786 F.3d 899, 909 (Fed. Cir. 2015). Joint infringement requires that the infringer control the party performing the method steps that are not performed by the infringer. "[W]hen a contract mandates the performance of all steps of a claimed method, each party to the contract is

responsible for the method steps for which it bargained." *Id.* at 911. When one party mandates the performance of one step of a claimed method, that party is attributed with performing that step.

The Magistrate Judge found that the amended complaint sufficiently pleaded the carrying out of all the method steps. The Magistrate Judge concluded, however, that the allegations of "control and direction" as to the third parties were insufficiently pleaded as the third parties seemed to be "independent businesses providing statistical services to multiple clients using what appears to be proprietary metrics." (D.I. 27 at 12). Plaintiff takes objection to that finding. Plaintiff alternatively requests leave to file a third amended complaint, and provides its proposed amended complaint. Plaintiff also points out that it also alleges direct infringement in its Second Amended Complaint. (D.I. 26). The subliminal suggestion seems to be that the joint infringement dispute is not very important.

The Magistrate Judge was considering the first Amended Complaint. (D.I. 16). I am looking at the proposed Third Amended Complaint, which contains more robust allegations than were before the Magistrate Judge. In my opinion, the proposed Third Amended Complaint sufficiently alleges joint infringement.

Thus, the motion to dismiss (D.I. 19) is **DISMISSED** as moot. The Report and Recommendation (D.I. 27) has been **CONSIDERED**, but the issue of its **ADOPTION** is moot. The request for leave to file a Third Amended Complaint (D.I. 28) is **GRANTED**. Plaintiff should separately file the "clean copy" of the Third Amended Complaint with the Clerk. Defendants' time to answer the Third Amended Complaint will not begin to run until the "clean

copy" is separately filed.

    IT IS SO ORDERED this 10 day of August 2015.

_Richard G. Andrews_<br>
United States District Judge