IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWO-WAY MEDIA LTD.,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, COMCAST INTERACTIVE MEDIA, LLC, NBCUNIVERSAL MEDIA, LLC and NBCUNIVERSAL, LLC,<br><br>Defendants. | Civil Action No. 14-1006-RGA |
| TWO-WAY MEDIA LTD.,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON SERVICES CORP. and VERIZON ONLINE LLC,<br><br>Defendants. | Civil Action No. 14-1212-RGA |

## MEMORANDUM ORDER

Presently before the Court is a dispute between Plaintiff and Defendants over the terms of proposed protective orders to govern confidential information produced or otherwise provided in these cases. (C.A. No. 14-1006 D.I. 56-1; C.A. No. 14-1212 D.I. 46-1). I have considered the parties' relevant letters. (C.A. No. 14-1006 D.I. 58 & D.I. 59; C.A. No. 14-1212 D.I. 48 & D.I.

49).[1] For the reasons stated below, I adopt Defendants' ¶ 6(G) proposal and Plaintiff's ¶ 10 proposal, and I reject Defendants' ¶ 10 proposal.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The parties do not dispute that a protective order is needed to govern the production of confidential information in this case. The parties disagree as to certain terms of such an order. In particular: (1) whether Plaintiff should be allowed to share Highly Confidential Information received from a defendant in one of the above-captioned cases with a defendant in the other case; and (2) whether the prosecution bar should extend to post-grant PTO proceedings. (D.I. 58 at 1; D.I. 59 at 1). Defendants bear the burden to show good cause for the protective provisions for which they advocate. *See* Fed. R. Civ. P. 26(c); *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("A party seeking a protective order carries the burden of showing good cause for its issuance. The same is true for a party seeking to include in a protective order a provision effecting a patent prosecution bar." (citations omitted)).

## ANALYSIS

### I. Sharing Highly Confidential Information Across Cases

Plaintiff argues that Defendants have not shown good cause to prevent it from using in one of the above-captioned cases any Highly Confidential Information produced by a defendant

---

[1] Plaintiff's letters in each case, C.A. No. 14-1006 D.I. 58 and C.A. No. 14-1212 D.I. 48, are identical. Defendants' letters in each case, C.A. No. 14-1006 D.I. 59 and C.A. No. 14-1212 D.I. 49 are identical in substance. Subsequent citations refer to docket items in C.A. No. 14-1006 for simplicity.

in the other case. (D.I. 58 at 1). Plaintiff argues that the agreed-upon ¶ 6(C) "address[es] any confidentiality concerns" by limiting disclosure of Highly Confidential Information to outside counsel and experts. (*See id.*; D.I. 56-1 at 8). As Defendants point out, however, ¶ 6(C) permits disclosure of Highly Confidential Information to outside counsel "of the receiving party" in particular, and therefore does not contemplate disclosure to counsel for another party. (*See* D.I. 59 at 1). Thus, the agreed-upon provisions of the Protective Order undermine Plaintiff's argument.

Further, Defendants have shown good cause to prevent Plaintiff from sharing Highly Confidential Information across cases. If Defendants' proposed ¶ 6(G) were omitted and ¶ 6(C) were modified to allow Plaintiff to disclose the Highly Confidential Information of one defendant to outside counsel and experts in the other case, Defendants would suffer prejudice. If Plaintiff were allowed to use, for example, Comcast's Highly Confidential Information in its expert report in the Verizon case, Verizon's in-house counsel would be prohibited from viewing those portions of Plaintiff's expert report. Such a circumstance would impair Verizon in its defense. On the other hand, the parties seem to agree that if the Protective Order permitted disclosure of one defendant's Highly Confidential Information to in-house counsel of defendants in the other case, that information would be unacceptably compromised. (D.I. 59 at 1; *see* D.I. 58 at 1).

Defendants' proposed ¶ 6(G) should therefore be included in the Protective Order.

## II. Post-Grant Proceedings Bar

In evaluating whether there is good cause to impose a prosecution bar, the Court must balance the risk of inadvertent disclosure or competitive use of confidential information against

3

the potential harm to the opposing party in denying its choice of counsel. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d at 1378. Whether a risk of inadvertent disclosure or competitive use exists depends "on the extent to which counsel is involved in 'competitive decisionmaking' with its client." *Id.* Attorneys "substantially engaged with prosecution" are regularly engaged in competitive decisionmaking. *Id.* at 1380. Here, however, disclosure to attorneys "substantially engaged with prosecution" no longer presents a risk of competitive use because prosecution of the patents-in-suit is closed. (D.I. 58 at 2).

Involvement in post-grant proceedings does not raise the same risk of competitive misuse as does involvement in prosecution. *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184–85 (D. Del. 2010). Post-grant proceedings, including reexamination, *inter partes* review, and covered business method review, all involve assessing the patentability of existing claims. 35 U.S.C. §§ 302, 311; AIA §18(a)(1). Further, only narrowing claim amendments may be made during post-grant proceedings. 35 U.S.C. §§ 305, 314(a); AIA §18(a)(1). There is therefore little risk that confidential information learned in litigation will be competitively used to draft claims that read on Defendants' products. Defendants have not recited any circumstances specific to proceedings related to these patents that suggest otherwise.

The attenuated risk of inadvertent disclosure or competitive use must be balanced with the potential harm in denying Plaintiff its choice of counsel in post-grant proceedings. *See Xerox Corp.*, 270 F.R.D. at 185. Such potential harm includes "[f]orcing [P]laintiff to rely on less knowledgeable counsel . . . [, thereby] increas[ing] costs and duplicat[ing] effort" and preventing Plaintiff from "formulating a coherent and consistent litigation strategy." *Id.* The risk of

4

inadvertent disclosure or competitive use of Defendants' confidential information is outweighed here by the potential harm to Plaintiff by denying its choice of counsel in post-grant proceedings.

Thus, Defendants have failed to show good cause for their proposed post-grant proceedings bar.

For the reasons above, **IT IS HEREBY ORDERED** that:

1. Defendants' proposed ¶ 6(G) is adopted (D.I. 56-1 at 9–10);

2. Plaintiff's proposed language regarding ¶ 10 is adopted and Defendants' proposed language is rejected (*Id.* at 11); and

3. On or before November 25, 2015, the parties shall submit a proposed protective order incorporating this language.

Entered this 17 day of November, 2015.

Richard G. Andrews
United States District Judge

5